Arkansas Louisiana Gas Co. *v.* Morgan A. Maxey,
ET UX

5-4150                                        415 S. W. 2d 52

Opinion delivered May 29, 1967

*Henry & Boyett* and *Robinson, Thornton, McCloy & Young,* for appellant.

*Lightle & Tedder,* for appellees.

Paul Ward, Justice. This is an eminent domain case.

On October 20, 1964 Arkansas Louisiana Gas Company (appellant) filed a complaint in circuit court to condemn a strip of land eighty feet wide across a 1,000 acre farm, owned by Morgan A. Maxey and his wife (appellees), "for the purpose of constructing, operating and maintaining" a twenty-four inch pipe line. The actual land taken was 12.4 acres. On the same day the court, after taking testimony, authorized appellant to enter immediately upon the land for construction purposes. This was on condition that appellant deposit $820 in court to cover cost of land taken and any damages "which might accrue to the premises because of the condemnation. . ."

Nearly a year later (after the construction was completed) appellees filed their answer, alleging that "they have suffered damages by reason of the condemnation . . . and by construction of the pipe line . . . in an amount in excess of $7,500," and asking judgment for said amount.

Upon trial the jury assessed appellees' damages at $5,500 for which amount the trial court (on April 1, 1965) entered judgment. From said judgment appellant now prosecutes this appeal for a reversal, relying on two assignments of error.

### One

"Restoration cost was not a proper element for the jury's consideration in arriving at the measure of damages suffered by the landowner."

### Two

"There was no fair or reasonable basis for the opinion evidence given by Henry Plant or Dorothy Beckman."

We will not discuss Point Three, which challenges the amount of the verdict, because we find that the case must be reversed on other grounds.

*One.* We are unable to agree with appellant's contention that restoration cost was not a proper element to be considered by the jury in this case. The factual situation in this case is similar, in material respects, to that in *Ross* v. *Clark County,* 185 Ark. 1, 45 S. W. 2d 31. There the Court announced rules to be followed on retrial which are applicable and controlling in the case here. In the cited case we said:

"In other words, the appellant was entitled to recover the market value of all land taken, and damage done to land not actually taken . . ."

See also *Arkansas Louisiana Gas Company* v. *Katherine E. Burkley et al*, delivered by this Court May 22, 1967.

As will be pointed out hereafter, appellees do contend their land (not taken) was damaged and, if proven, they should recover for same.

*Two.* We have concluded, however, this case must be reversed because improper evidence was introduced to show damages done to the land not taken, and also as to the land taken. There are two separate errors which call for a reversal.

First, appellees attempted to prove the value of timber removed from the land taken. This is not an element of damage under our decision in the *Burkley* case mentioned above wherein we held, in a case of this kind, the condemnor must pay "the full value of land embraced within the right-of-way easement as if the fee had been taken". We think it must follow, therefore, that appellant will have paid for all timber on the land taken when they pay for such land.

Secondly, without considering the error just pointed out, the case must be reversed because of incompetent testimony introduced to prove damages to the land not taken. We deem it unnecessary to point out in detail the incompetent testimony referred to. We merely call attention to the fact that the witnesses did not, in our judgment, qualify to give their opinions as to the damages. In the case of *Arkansas Highway Commission* v. *Byars*, 221 Ark. 845, 256 S. W. 2d we said:

> "Where a witness gives his opinion as to damages, such testimony must be considered in connection with related facts upon which the opinion is based."

This rule was not complied with by appellees' witnesses in this case. We call attention to the rule so that it may be followed upon a retrial.

Reversed and remanded.

FOGLEMAN, J., disqualified.