## Joanne G. PYLE *v.* Jerry D. PYLE, George PYLE and Ruby PYLE

73-19                                                   494 S.W. 2d 117

Opinion delivered May 7, 1973
[As amended May 24, 1973.]

*Sam Goodkin,* for appellant.

*No brief for appellees.*

John A. Fogleman, Justice. Appellant seeks reinstatement of an order defining visitation privileges rendered May 18, 1972, which implemented a custody and visitation award rendered November 24, 1971, which, in turn, resulted from a divorce granted appellee Jerry D. Pyle on July 29, 1965. Appellant alleges three points for reversal, which are:

I. The Trial Court was without jurisdiction to set aside or modify the decree of November 24, 1971, and

the same is res judicata and should be enforced. Arkansas Statutes Sections 22-406.3, et seq.

II. Appellees have not come into Court with clean hands; they are estopped from attacking the decree of November 24, 1971, and should be held in contempt of court and required to pay appellant proper damages, including an attorney's fee.

III. In any event, the order appealed from is too harsh and unreasonable.

Since we find reversible error in point I., and the contempt portion of point II. is premature, we will not discuss the clean hands or estoppel portion of point II. or point III. Joanne Pyle, the appellant, is a resident of Utah and is the mother of Deborah Pyle and Shirley Pyle, ages 11 and 9. Jerry D. Pyle, the father, George and Ruby Pyle the paternal grandparents of the two children, all residing in Fort Smith, are the appellees. The original Arkansas custody and visitation decree implemented a Utah decree and was rendered November 24, 1971. It awarded legal custody to the father with physical custody to the grandparents. The decree also granted visitation privileges to the appellant to be exercised in Utah for five calendar weeks in the summer of 1972, two calendar months each summer thereafter, and one week during the Christmas holidays each even numbered year. The implementation order of May 18, 1972, resulted from allegations that the children refused to go to Utah. This decree ordered the grandparents to present the children to the mother at a mutually agreeable time in Fort Smith to carry out the prior order, and commanded the sheriff to physically deliver the children to the appellant should the children refuse to go to Utah. A similar order was entered May 25, 1972, which enjoined the appellees from, in any way, interfering with the taking of the children by the mother.

The order from which this appeal comes was rendered upon a petition by the appellees filed July 3, 1972, seeking a modification of the visitation privileges so that the young girls would not be required to travel to Utah.

The allegations of change in circumstances to justify modification were that the children "have become continually more distressed and concerned" and "are vigorously opposed to being forced to visit defendant, at least to the extent of being required to travel across the United States * * *." Pending disposition of this petition, an order was entered July 14, 1972, commanding the sheriff to pick up the children on July 15, 1972, and deliver them to appellant. This he was unable to do, allegedly because of the action of the appellees in removing the children from the Fort Smith area. However, on July 17, 1972, another temporary order was entered which held for naught the prior custody and visitation decrees of November 24, 1971, May 18 and 25, 1972, and enjoined the sheriff from aiding the appellant in picking up the children.

A hearing was held on July 19, 1972. The testimony principally went to the refusal of the children to visit in Utah, and their changed feelings. There was testimony that the girls' refusal was due in part to the improper influence of the grandparents. Also, various witnesses gave conflicting testimony as to the harmful effect of residence away from the principal home in Fort Smith during the summer months. The chancellor then entered the order from which this appeal is taken, which modified all previous orders and materially changed the visitation privileges of the appellant.[1]

As we read appellant's first point for reversal, she is not contending that the Sebastian Chancery Court was without the judicial power to modify its prior decree, but that it improperly modified its prior decree since there was a failure by the appellees to show a change in circumstances which would warrant such extraordinary action. It is axiomatic that a trial court in custody proceedings retains jurisdiction of the cause and can modify a previous decree upon a showing of changed circumstances and in furtherance of the welfare of the child. *Myers v. Myers,* 207 Ark. 169, 179 S.W. 2d 865; *Holt v. Taylor,* 242 Ark. 292, 413 S.W. 2d 52. Appellees contended in the

---

[1]The orders of November 24, 1971, May 18 and 25, 1972, July 14 and 19, 1972, were entered by three different chancellors.

trial court that a change in the children's desires with respect to traveling to Utah was sufficient in and of itself to constitute "changed circumstances." Even if we were to recognize that such a condition constituted "changed circumstances" the appellees have failed to show by a preponderance of the evidence that such a change has in fact occurred.[2] The testimony of the parties was conflicting, as was the testimony of a child psychologist consulted by Ruby Pyle. However, we find a visit to Utah made by one child subsequent to the decree, with no apparent ill effects, to be highly persuasive on the pertinent question. It appears that this visit was made without further order of the court, but an order of the court entered December 8, 1972, required that both girls visit with their mother in Utah for one-half of the Christmas vacation, thus, in effect, reinstating a portion of the prior decrees. The testimony of the child psychologist, that visits of the children with their mother in Utah would be quite beneficial to the children and that the chances that the younger child would be adversely affected were one in five that the older child would not be adversely affected, was also persuasive. Because of the factors recited, we find that the appellees did not show by a preponderance of the evidence that there were changed circumstances sufficient to justify modification of the earlier decree.

Appellant raises one other point which merits consideration. She would have us hold the appellees in contempt for violating the chancellor's orders of May 18, May 25 and July 14, 1972, since they allegedly prevented the sheriff from delivering the children to her as ordered by the court. Since we have only the record before us, and no consideration was given to this phase of the case by the chancellor, it would .be premature and improper for us to hold the appellees in contempt.

For the reasons stated, we reverse the order of July 19, 1972, reinstate the custody and implementation orders of November 24, 1971, and May 18 and 25, 1972, and remand the case for further proceedings not inconsistent with this opinion.

[2]Other jurisdictions have recognized that a change in the child's wishes as to custody is a factor to be considered by a court in modifying a prior custody award, along with other considerations. See *Allen* v. *Allen*, 200 Ore. 678, 268 P. 2d 358 (1954); *Graichen* v. *Graichen*, 20 Wis. 2d 200, 121 N.W. 2d 737 (1963); *Contra Stickler* v. *Stickler*, 57 Ill. App. 2d 286, 206 N.E. 2d 720 (1965).