Danny HICE *v.* STATE of Arkansas

CA CR 83-185 ·668 S.W.2d 552

Court of Appeals of Arkansas
Division I
Opinion delivered May 2, 1984

*Steve Kirk,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant appeals his conviction for the charge of driving while intoxicated (DWI). The appellant was charged and convicted in Conway County Municipal Court of DWI, and was charged but acquitted of refusal to take a breathalizer test. The appellant appealed his conviction for DWI to the Conway County Circuit Court. At the subsequent circuit court trial, the State moved *in limine* to prohibit any testimony concerning the breathalizer test. This motion was granted on the grounds that this testimony would not be relevant to the issues before the court in the circuit court trial. The appellant was found guilty by a jury and fined $500.00. From that decision, comes this appeal.

For reversal, the appellant argues that it was error for the trial court to refuse to allow the appellant and the appellant's witness to testify concerning the arresting officer's refusal to give the appellant a breathalizer test. Also, the appellant alleges that the court erred in refusing to allow him to cross-examine the arresting officer concerning his refusal to administer the breathalizer test.

As to the first point, a brief account of the facts surrounding the appellant's arrest and subsequent charge of DWI is necessary. The appellant was stopped at approximately 1:00 a.m. on January 23, 1983, after his vehicle was allegedly observed swerving across the center line of the highway. The arresting officer testified that the appellant failed a field sobriety test. The appellant was taken to the police station where he refused to submit to a breathalizer test until his attorney could be summoned. Some 30 to 40 minutes later, the appellant's attorney arrived and questioned the arresting officer. The appellant claims that, at this time, he and his attorney requested that the officer

administer a breathalizer test. The officer allegedly refused because too much time had passed since the arrest.

The appellant argues that the State's Motion *in limine* should have been denied and the testimony about the officer's alleged refusal to administer the breath test and his subsequent charge against the appellant of refusal to take the test should have been admitted. The appellant's defense was that he was not intoxicated, but that the arresting officer had treated him harshly and filed the charges against the appellant as a result of his attitude toward the appellant rather than a belief that the appellant was actually violating the law by operating his automobile while intoxicated. The trial judge ruled that the evidence was not relevant in that the State's case would stand or fall on the subjective observations of the policeman and the test, which was not administered was not relevant. We disagree and therefore we reverse.

The appellant asserts that this excluded evidence was relevant. The Uniform Rules of Evidence, Rule 401, Ark. Stat. Ann. § 28-1001 (Repl. 1979), defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." One fact which was of consequence in this case was the credibility of the arresting officer. The appellant argues that if the arresting officer had actually believed that the appellant was intoxicated then he would have given the breathalizer test when the appellant's attorney arrived at the station. Also, the officer's alleged refusal to administer the test, and his subsequently charging the appellant with refusal to submit to the test, is some evidence that would tend to prove the arresting officer's less than courteous attitude toward the appellant. The appellant's refusal to submit to the test until his attorney arrived was a right we feel he plainly had. He had been arrested and charged with a crime and he was made aware that he had the right to the presence of an attorney. His assertion of this right should not be used against him at this time, and there is no evidence that the passage of 30-40 minutes would have affected the test results. The appellant alleged that the officer

making the arrest treated the appellant abusively in that he used harsh language with the appellant, and physically abused the appellant while leading him into the police station. The officer's alleged refusal to administer the test, and the charge of refusal to submit to the test, regardless of the fact that the appellant was later acquitted of this charge, is evidence which the jury should have been allowed to consider as bearing on the officer's credibility.

As to the second point, counsel for the appellant should have been allowed to go into the facts related to the breathalizer on cross-examination as it would tend to impeach the officer's direct testimony that the appellant was obviously intoxicated at the time of his arrest.

We therefore reverse and remand for a new trial consistent with this opinion.

Reversed and remanded.

CRACRAFT and CORBIN, JJ., agree.