Shirley A. WEAVER *v.* CITY OF FORT SMITH

CA CR 89-77                                      777 S.W.2d 867

Court of Appeals of Arkansas
Division I
Opinion delivered October 18, 1989

*John Joplin*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Shirley Weaver appeals her conviction of driving a motor vehicle while intoxicated, for which she was fined and her driver's license was suspended for ninety days. Her license was suspended for an additional six months based on a finding that she had refused to submit to a chemical test as provided in Ark. Code Ann. §§ 5-65-202, 205 (1987). We find no error and affirm.

The record indicates that two police officers arrived at the scene of an accident and found a vehicle that had run off the road, rolled over, and caught on fire. The officers testified that appellant was standing by the vehicle and that she stated that the vehicle was hers and that she had been driving it at the time of the accident. The officers further testified that her speech was slurred, her gait was staggered, and she smelled of alcohol. Based on their observations, they opined that appellant was intoxicated. She was taken to the police station where she was advised of the provisions of the implied consent law, Ark. Code Ann. § 5-65-202 (1987), and that refusal to submit to a chemical test could result in suspension of her driver's license. Ark. Code Ann. § 5-65-205 (1987). One officer testified that, when he asked appellant to submit to a blood alcohol test, she refused and stated that she was too drunk to pass it. Appellant was then charged with driving while intoxicated and refusing to take the chemical test.

The trial court denied appellant's motion in limine to prohibit evidence of her refusal to take the blood alcohol test from being admitted at trial. Appellant was found guilty by a jury on both counts and brings this appeal.

For her sole point for reversal, appellant contends that the trial court erred in denying her motion in limine. Appellant

argues that the admission of evidence that she refused to take a blood alcohol test violated her fifth amendment right against self-incrimination, because she had been compelled either to sign the "rights form" and submit to the test, thereby effectively admitting one element of the offense of driving while intoxicated, operating the vehicle, or face a penalty for refusing to take the test. We do not agree.

In *Schmerber* v. *California*, 384 U.S. 757 (1966), the Supreme Court of the United States held that neither the right of due process nor the privilege against self-incrimination was violated by admitting into evidence the results of a blood alcohol test administered under state law, even when administered over the accused's objection. The Court reasoned that the fifth amendment privilege against self-incrimination extends only to "testimonial" or "communicative" acts of a person and that, since results of a blood test were "physical" evidence rather than testimonial evidence, the privilege does not attach. This rule was followed by our supreme court in *Steele* v. *State*, 284 Ark. 340, 681 S.W.2d 354 (1984).

As it was not properly before it, the Supreme Court in *Schmerber* expressly reserved the issue of whether evidence of refusal to take a chemical test violated the privilege against self-incrimination. In *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1986), our supreme court also declined to address this issue because the court reached its decision on different grounds. In *South Dakota* v. *Neville*, 459 U.S. 553 (1983), the Supreme Court of the United States squarely faced this issue. The Court stated:

> *Schmerber* v. *California*, held that a State could force a defendant to submit to a blood-alcohol test without violating the defendant's Fifth Amendment right against self-incrimination. We now address a question left open in *Schmerber, supra*, and hold that the admission into evidence of a defendant's refusal to submit to such a test likewise does not offend the right against self-incrimination.

459 U.S. at 554 (citations omitted).

The facts in *Neville* are similar to those before us. There, the

suspect was arrested for driving while intoxicated and refused to submit to a blood alcohol test, stating that he was too drunk to pass it. South Dakota's implied consent law was similar to our own, with an additional provision that refusal to submit to the test "may be admissible into evidence at the trial." S.D. Comp. Laws Ann. § 32-23-10.1 (Supp. 1982). The South Dakota Supreme Court held that evidence of refusal to take the test should have been suppressed as it violated the suspect's privilege against self-incrimination. On review, the Supreme Court of the United States reversed, holding that implied consent laws are permissible and a provision for revoking one's license to drive for refusal to take the test is "unquestionably legitimate, assuming appropriate procedural protections." 459 U.S. at 560.[1]

■ The Supreme Court then addressed the issue of whether the statutory provision of the South Dakota law that admits into evidence the refusal to take the test was violative of the privilege against self-incrimination. Unlike in *Schmerber*, the Court did not decide the issue on a distinction between "physical" evidence and "testimony" or "communications." The Court recognized that the fifth amendment does not protect all self-incriminating communications, but rather only those that are compelled. The Court concluded that the state did not directly compel the defendant to refuse the test because it gave him a choice of submitting to the test or refusing to take it. Although the giving of a choice does not always resolve the compulsory issue, the Court concluded that the values of the fifth amendment are not hindered when the State offers a suspect a choice of submitting to a blood alcohol test or having his refusal used against him. The Court stated:

> [R]espondent concedes, as he must, that the State could legitimately compel the suspect, against his will, to accede to the test. Given, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no less legitimate when the State offers a second option of refusing the test, with the attendant penalties for the making of that choice. Nor is this a case where the State has subtly

---

[1] Both the South Dakota statute and that of Arkansas provide for hearings on the issue before sanctions are applied.

> coerced the respondent into choosing the option it had no right to compel, rather than offering a true choice.
>
> To the contrary, the State wants respondent to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test is far stronger than that arising from a refusal to take the test.

459 U.S. at 563-64. The Court therefore held that a refusal to take a blood alcohol test after an officer had lawfully requested it is not an act coerced by the officer and thus is not protected by the privilege against self-incrimination.

Based on the Supreme Court's decision in *Neville*, we conclude that the admission into evidence of appellant's refusal to submit to a chemical test did not violate her fifth amendment right against self-incrimination.

Affirmed.

COOPER and ROGERS, JJ., agree.