Delmas SPICER *v.* STATE of Arkansas

CA CR 89-244                                              799 S.W.2d 562

Court of Appeals of Arkansas
Division I
Opinion delivered November 21, 1990

*Robert E. Irwin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Delmas Spicer, was found guilty by a jury of DWI, first offense, and speeding, but was acquitted of driving left of center. He was given a sentence of one day in jail, fined $500 plus costs, ordered to attend an alcohol education program, and his driver's license was suspended for ninety days. As his sole point on appeal, appellant contends that the trial court erred in denying his motion *in limine* in which he sought to exclude evidence of his refusal to submit to a breathalyzer test. We find no error and affirm.

Appellant was initially charged by citation in the Yell County Municipal Court with DWI, first offense, violation of the implied consent law, speeding, driving left of center, resisting arrest and drinking in public. There, he was adjudged guilty of DWI, speeding and driving left of center, but the charges of resisting arrest and drinking in public were dismissed. For reasons not fully explained in the record, the transcript of the municipal court proceedings does not reflect the disposition of the

implied consent violation.[1] On appeal in the circuit court, only the charges of DWI, speeding and driving left of center were pursued.

Prior to trial, appellant moved *in limine* to prohibit the prosecution from offering any evidence of his refusal to submit to a breathalyzer test. The trial court denied the motion, and at trial the arresting officer was allowed to testify that he advised appellant of his rights, including the provisions of the implied consent law,[2] and that appellant declined to take the test.

On appeal, appellant argues that evidence of his refusal, as proof of another crime, is inadmissible under Rule 404(b) of the Arkansas Rules of Evidence, and further, does not meet the two-pronged test for admissibility set out in *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980). Rule 404(b) provides:

> Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Price, supra*, which is relied upon by appellant, it was held that evidence of other crimes is admissible if (1) it has independent relevance, and (2) its relevance is not substantially outweighed by the danger of unfair prejudice. As to the first requirement, independent relevance, this means that the evidence must be relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal. *Carter* v. *State*, 295 Ark. 218, 748 S.W.2d 127 (1987). The question here then focuses on whether the evidence of the refusal to take a chemical test is independently relevant on the issue of intoxication, and if so, whether its probative value substantially outweighs any prejudicial effect.

---

[1] On appeal, appellant asserts that he was acquitted of this charge, while the state takes the position that appellant was found guilty, but that it was the practice of the municipal judge for it to be merged with the DWI conviction. We can express no opinion one way or the other because the record is decidedly unclear; however, resolving this question is unnecessary for the purposes of this appeal.

[2] Ark. Code Ann. §§ 5-65-202, -205 (Supp. 1989).

We have not yet been called upon to assess the relevancy of this particular evidence, although we have addressed the admissibility of similar evidence in other contexts. *See, e.g. Weaver* v. *City of Ft. Smith*, 29 Ark. App. 129, 777 S.W.2d 867 (1989) (admission into evidence of appellant's refusal to submit to a chemical test does not violate the fifth amendment right against self-incrimination); *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984) (the failure to advise appellant of his right to an independent test does not preclude the admission of his refusal to submit to a test); *Hice* v. *State*, 11 Ark. App. 184, 668 S.W.2d 552 (1984) (error found in the exclusion of evidence that the officer refused to administer a breath test, as being relevant on the issue of the officer's credibility).

We first point out that some states have specific statutory provisions either allowing or barring evidence of an accused's refusal to submit to a chemical test. In those states without such legislation, there is a split of authority as to whether this evidence is admissible. *See generally* Annot. 26 A.L.R.4th 1112 (1983). In Arkansas, there is no specific statutory authority governing the admissibility of this evidence, although Ark. Code Ann. § 5-65-206(b) (Supp. 1989) does provide that "[t]he foregoing provisions [relative to evidence of blood alcohol content] shall not be construed as limiting the introduction of any other relevant evidence bearing upon the question whether or not the defendant was intoxicated."

It appears that a majority of courts in states without statutory authority have concluded that evidence of the refusal to take a chemical test is probative on the issue of intoxication, as showing a consciousness of guilt. As observed by the Supreme Court of Alabama in *Hill* v. *State*, 366 So. 2d 318 (Ala. 1979), the better reasoned decisions hold that refusal to take a chemical test for intoxication may indicate the defendant's fear of the results of the test and his consciousness of guilt. In deciding that this evidence was relevant, and thus admissible, the Alabama Court relied on the Ohio decision of *City of Westerville* v. *Cunningham*, 15 Ohio St. 2d 121, 239 N.E.2d 40 (1968), where it was stated:

> Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemi-

cal test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt.

*Id.*, 239 N.E.2d at 41.

The court in *Hill, supra*, however, also concluded that if the defendant has some other explanation for the refusal, the explanation can be considered by the jury in determining whether the evidence is to be construed as consciousness of guilt. In this regard, the court maintained:

We feel, however, that such evidence is probative and should be presented to the jury for their consideration rather than excluding it altogether. Any circumstances tending to show the refusal was conditioned upon factors other than consciousness of guilt may properly be considered by the jury in determining the weight to attach to the refusal. Therefore, the evidence of Hill's refusal to submit to a chemical test for intoxication was relevant and properly admitted. Whether his refusal was due to the desire for consultation with his physician or attorney or to the fear of bodily harm, rather than consciousness of guilt, was best determined by the jury.

*Id.*, 366 So. 2d at 321.

In light of these authorities, we now hold that evidence of the refusal to submit to a chemical test can properly be admitted as circumstantial evidence showing a consciousness of guilt. As such, this evidence possesses independent relevance bearing on the issue of intoxication, and was not being offered merely to show that the accused is a bad person, or a criminal. Although evidence of other crimes always has some for potential

prejudice, *Price* v. *State, supra*, we cannot say that the probative value of this evidence is substantially outweighed by an unfair prejudice. These are issues which the trial judge has wide discretion in deciding, and he will not be reversed on appeal unless he has abused his discretion. *Id.* Once admitted, the weight of this evidence is a question to be resolved by the trier of fact, which may also consider the circumstances surrounding the refusal and any explanation given for declining to take the test. In this case, we discern no abuse of discretion in the admission of this evidence, and accordingly, we affirm.

AFFIRMED.

CORBIN, C.J., and JENNINGS, J., agree.