# John E. MEDLOCK *v.* STATE of Arkansas

CR 97–865                                      964 S.W.2d 196

Supreme Court of Arkansas
Opinion delivered March 5, 1998
[Petition for rehearing denied April 16, 1998.]

*Michael Medlock,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant John E. Medlock brings this appeal following an earlier one decided in *Medlock v. State,* 328 Ark. 229, 942 S.W.2d 861 (1997). Both appeals involve his November 25, 1995 arrest for suspicion of driving while intoxicated (DWI) and refusal to submit to a chemical test. On June 25, 1996, he was tried on both charges; the trial judge found him guilty of the refusal-to-submit offense, but the jury trying Medlock on the DWI charge ended in a mistrial. Medlock appealed his refusal-to-submit conviction, and contended the trial court had erred in denying him a jury. We agreed, and on April 28, 1997, we reversed and remanded in *Medlock I.* However, before *Medlock I* was decided, the trial court retried Medlock's DWI charge on January 24, 1997, and, this time, a jury found him guilty. Medlock now brings this second appeal, arguing three points for reversal.

In Medlock's first argument, he submits the trial court erred in refusing his motion in limine in which Medlock sought to prevent the State from introducing evidence bearing on his

having refused to take a breathalyzer test. Medlock argues such evidence violates Rules 609(a) and 404(b) of the Arkansas Rules of Evidence. We disagree. Regarding Medlock's Rule 609 contention, we need say nothing more than that the State never mentioned at trial Medlock's earlier refusal-to-submit conviction. Thus, because Rule 609 addresses impeachment by evidence of conviction of a witness offering testimony, the Rule simply is not an issue.

Medlock's argument bearing on Rule 404(b), however, is a properly raised issue, but we conclude the trial court acted correctly when it ruled Medlock's refusal to submit to a chemical test was admissible under the Rule. The State urged below, and the trial court agreed, that Medlock's refusal to take the test was some evidence indicating guilt, and if such evidence had been excluded, the State would have been prejudiced, since the State would have been unable to show any blood-alcohol test results; nor could it have shown why such tests had not been taken.

Medlock's response was somewhat confusing in places. Initially, he argued that his refusal charge should not have been admitted as evidence because that charge had been appealed, and was still pending. He suggested further that any prejudice that the State would have faced in the retrial of Medlock's DWI offense could have been avoided by combining both charges (DWI and refusal to submit) in one trial after his appeal was decided.[1]

Medlock's point has been answered in the State's favor by the court of appeals' decision in *Spicer v. State*, 32 Ark. App. 209, 799 S.W.2d 562 (1990). There, Spicer was charged with DWI, speeding, and driving left of center. Prior to trial, he moved in limine to prohibit the State from offering any evidence of his refusal to submit to a breathalyzer test. The trial court denied Spicer's motion, and the appellate court affirmed on appeal. In doing so, the *Spicer* court stated that it appears a majority of courts in states without statutory authority have concluded

---

[1] Medlock's position assumed that he would prevail in his appeal on the refusal charge, that his speedy-trial rights would not be violated as a result of the State's delay in proceeding on the DWI charge, and that he was not entitled to request a severance of the two charges on retrial. Of course, the trial court was not bound to make its ruling based on these contingent matters.

that evidence of the refusal to take a chemical test is probative on the issue of intoxication, as a showing of guilt. In adopting this rule, our court of appeals looked to the Alabama Supreme Court case of *Hill v. State*, 366 So.2d 318 (Ala. 1979), which relied upon and quoted from the Ohio decision of *City of Westerville v. Cunningham*, 15 Ohio St.2d 121, 239 N.E.2d 40 (1968), as follows:

> Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, the taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt.

While not directly in issue, our court cited the *Spicer* rule with approval in *Massengale v. State*, 319 Ark. 743, 894 S.W.2d 594 (1995). Now, since that rule is in issue and bears on the circumstances before us, we adopt the rule as a sound one and find it dispositive of Medlock's argument. Accordingly, we hold that evidence of Medlock's refusal to submit to a chemical test can be properly admitted as circumstantial evidence showing a knowledge or consciousness of guilt, and that such evidence possesses independent relevance bearing on the issue of intoxication and was not being offered merely to show Medlock was a bad person. *See Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980); *see also* Ark. Stat. Ann. § 5-65-206(b) (1987) (the provisions providing for chemical tests for determining the amount of alcohol in a defendant's blood shall not be construed as limiting the introduction of any other relevant evidence bearing on the question whether or not the defendant was intoxicated).

Medlock's second point for reversal is that the trial court erred in refusing to join his DWI and refusal-to-submit charges.[2] Although he cites no authority for the proposition,

---

[2] Though not argued as a continuance motion, Medlock's motion for joinder could only occur after *Medlock I* was decided and reversed for a new trial. We note as a passing

Medlock urges that he had an absolute right to have the two charges joined. Medlock simply has failed to preserve this argument, since the record reveals no motion showing he requested a joinder of the two offenses. The rule is settled that joinder is *not required* of a prosecutor, *Lockhart v. State*, 314 Ark. 394, 862 S.W.2d 265 (1993), nevertheless, it is the duty of a party seeking relief to apprise the trial court of the proper basis upon which he relies in order to preserve an issue for appeal. *Baker v. State*, 310 Ark. 485, 837 S.W.2d 471 (1992). Because the trial judge did not have a fair opportunity to rule on this severance issue, we will not consider it on appeal. *Id.* at 490.

Finally, we address Medlock's third point wherein he assigns error to the trial court for allowing Officer Ron Keeling to testify as an expert in the area of hypoglycemic reactions. We first note that Medlock never objected to Officer Keeling's credentials as an expert. The abstract reflects only that Medlock objected to Keeling's testimony, without giving his reason. In any event, Keeling testified that he had received training with regard to DWI detection in connection with his law-enforcement training, and in addition served in the U.S. Army for twenty-three years, with eleven years as a special-forces medic. As part of his specialized training, Keeling testified that he was trained to detect signs or symptoms of diabetes, specifically hypoglycemic reactions. Keeling further testified as to the differences between intoxication and a hypoglycemic reaction, and stated that, at the time of Medlock's arrest for DWI, Medlock did not exhibit the symptoms of an individual suffering from a hypoglycemic reaction.

■ Here, Keeling was qualified to testify as to the symptoms of a hypoglycemic reaction. Although Medlock contends Keeling's testimony should have been excluded because he is not a doctor or a nurse, the rule is well settled that expert witnesses may be qualified by experience, knowledge, or training, and need not be licensed professionals. *John H. Parker Constr. Co. v. Aldridge*, 312 Ark. 69, 847 S.W.2d 687 (1993). Because the trial court did not abuse its discretion in allowing Keeling to testify as an expert, we affirm.

---

reference Medlock's inconsistency in argument to point one where he was seeking to keep the refusal-to-submit charge from the jury when trying the DWI offense.