Deborah G. COZZENS  *v.*  Jeffrey A. COZZENS

CA 05-273                                    220 S.W.3d 257

Court of Appeals of Arkansas
Opinion delivered December 14, 2005

*Herring Law Firm, P.A.*, by: *D. Floyd Herring*, for appellant.

*Shepherd & Allred*, by: *Allison R. Allred*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The parties in this child-custody case were divorced by a decree granting primary physical custody of their children to appellant. Subsequently, appellant was involved in a head-on collision in which two of the children were injured because they were not properly restrained, and after which appellant tested positive for methamphetamine use. Appellee filed a petition to change custody that, after a hearing on August 6, 2004, was granted. On appeal, appellant contends that the trial court erred in using the "preponderance of the evidence" standard to determine whether there had been a material change of circumstances, and that there was insufficient evidence to support a finding that there had been a material change in circumstances. We affirm.

We disagree with appellant's assertion that a material change of circumstances must be shown by an unspecified "higher standard" than preponderance of the evidence. Although our supreme court has noted that a more stringent standard applies to custody modifications than to initial custody determinations, *see, e.g., Jones v. Jones*, 326 Ark. 481, 931 S.W.2d 767 (1996), this refers to the need in such cases to prove additional factors, *i.e.*, that there has been a change of circumstances since the initial determination, and that the change in circumstances was material to the best interest of the child. *See id.* These additional factors must be proven by a preponderance of the evidence, as shown by the following excerpt from an opinion written by the learned Justice Fogleman:

> Appellees contended in the trial court that a change in the children's desires with respect to traveling to Utah was sufficient in and of itself to constitute "changed circumstances." Even if we were to recognize that such a condition constituted "changed circumstances" the appellees have failed to show *by a preponderance of the evidence* that such a change has in fact occurred. The testimony of the parties was conflicting, as was the testimony of a child psychologist consulted

by Ruby Pyle. However, we find a visit to Utah made by one child subsequent to the decree, with no apparent ill effects, to be highly persuasive on the pertinent question. It appears that this visit was made without further order of the court, but an order of the court entered December 8, 1972, required that both girls visit with their mother in Utah for one-half of the Christmas vacation, thus, in effect, reinstating a portion of the prior decrees. The testimony of the child psychologist, that visits of the children with their mother in Utah would be quite beneficial to the children and that the chances that the younger child would be adversely affected were one in five that the older child would not be adversely affected, was also persuasive. Because of the factors recited, we find that the appellees did not show *by a preponderance of the evidence* that there were changed circumstances sufficient to justify modification of the earlier decree.

*Pyle v. Pyle*, 254 Ark. 400, 402-03, 494 S.W.2d 117, 119 (1973) (emphasis added).

■ Nor do we agree with appellant's assertion that there was insufficient evidence of a material change in circumstances to support a change of custody in the present case. There was evidence that appellant's behavior had changed since the divorce and that she was not the "same person." One witness, who described herself as a good friend of appellant, testified that, while she had trusted appellant to care for her son before her divorce, appellant had undergone a "big change" since then such that she would no longer trust appellant to care for her child. The testimony concerning appellant's increasing instability and poor judgment was corroborated by evidence that she had persistently failed to take the elementary precaution of properly restraining her children with seatbelts in the car.

There was testimony concerning an incident in which appellant was stopped by a police officer because her five-year-old daughter was observed sitting on the console rather than being properly seated and restrained. There was, in addition, evidence that appellant pled guilty to two counts of not using proper safety restraints for the children on April 13, 2004. Finally, there was evidence that, on May 27, 2004, appellant, driving with her three daughters in the vehicle, repeatedly crossed the center line and struck an oncoming vehicle head-on, resulting in serious injury to the driver of the other vehicle, to herself, and to two of her daughters, who had not been properly restrained. Appellant's

youngest daughter, who was properly restrained in a child seat, was uninjured. Appellant was transported to a hospital, where a diagnostic test performed on her was positive for the presence of amphetamine.

Appellant argues that the diagnostic test performed on her was unreliable because it was unconfirmed and therefore does not support the trial court's finding that she had been abusing amphetamine at the time of the accident. We do not agree. There was medical testimony that the test performed on appellant was used for diagnostic purposes, was reliable, and that false positives or negatives were almost unknown. There was also evidence that the reason that the results of this test were unconfirmed was because appellant refused to consent to a subsequent, additional test requested by a police officer. Refusal to consent to such a test is evidence of consciousness of guilt. *Spicer v. State*, 32 Ark. App. 209, 799 S.W.2d 562 (1990). Although appellant attempted to explain the positive test by testifying that she had ingested legal medications and substances that could result in a false positive result, the trial judge expressly found that her testimony lacked credibility. Given the foolhardiness of appellant's actions, and the danger that her behavior posed to her children, we cannot say that the trial court erred in finding a material change in circumstances warranting a change of custody.

Affirmed.

HART and GLADWIN, JJ., agree.