SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-15-382

| | | |
|---|---|---|
| JAMES W. REARDON | APPELLANT | **Opinion Delivered** October 21, 2015 |
| V. | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CR 2014-58-4] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GORDON WEBB, JUDGE |
| | | AFFIRMED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

### RITA W. GRUBER, Judge

A jury found James W. Reardon guilty of first-offense driving while intoxicated (DWI), refusal to submit to a chemical test, and defective equipment on his vehicle. He now appeals, challenging the sufficiency of the evidence to support his conviction for DWI. We affirm.

The relevant DWI statute states that it is unlawful "for any person who is intoxicated to operate or be in actual physical control of a motor vehicle." Ark. Code Ann. § 5-65-103(a) (Supp. 2013).[1] The definition of "intoxicated" is as follows:

"Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger

---

[1]*See also* Ark. Code Ann. § 5-65-103 (Supp. 2015), entitled *Driving or boating while intoxicated*.

of physical injury or death to himself and other motorists or pedestrians.

Ark. Code Ann. § 5-65-102(2) (Repl. 2005).

A defendant's refusal to submit to a chemical test is admissible evidence on the issue of intoxication. *Peterson v. State*, 81 Ark. App. 226, 232, 100 S.W.3d 66, 70 (2003). Evidence of the refusal "can be . . . circumstantial evidence showing a knowledge or consciousness of guilt, and . . . such evidence possesses independent relevance bearing on the issue of intoxication[.]" *Medlock v. State*, 332 Ark. 106, 109, 964 S.W.2d 196, 198 (1998). Opinion testimony regarding intoxication is admissible. *Mace v. State*, 328 Ark. 536, 944 S.W.2d 830 (1997); *Fiveash v. State*, 2015 Ark. App. 187, 458 S.W.3d 774. A police officer's observations regarding the smell of alcohol and actions consistent with intoxication can constitute competent evidence to support a DWI charge. *Johnson v. State*, 337 Ark. 196, 202, 987 S.W.2d 694, 698 (1999).

The State's evidence in this case included testimony by Corporal Rodney Smith, who stopped Reardon's vehicle because of a broken taillight and subsequently arrested him for DWI; a video of Reardon performing field-sobriety tests; and testimony by Patrolman Art Swanson, who inventoried Reardon's vehicle at the site of the arrest. Smith testified that he detected the odor of intoxicants coming from the vehicle, noticed that Reardon's eyes were bloodshot and watering, and saw a couple of beer cans on the passenger floorboard—one opened and one unopened. Smith testified that Reardon, who said he had a drug prescription and admitted having had "some alcohol" the same day, refused a breath test but agreed to take the field-sobriety tests. According to Smith, Reardon exhibited all six indicators of

intoxication on the horizontal-gaze-nystagmus test, which was the first test. On the walk-and-turn test, Reardon stepped off the line, missed heel-to-toe steps, raised his arms, lost his balance, turned incorrectly, and started too soon. On the one-legged stand, he demonstrated three of four clues for intoxication—swaying, using his arms for balance, and putting his foot down early. Smith arrested Reardon after these tests.[2] Based on his experience as an officer, Smith believed Reardon should not have been driving. Smith "firmly believed," based on his contact with Reardon and the field-sobriety tests, that Reardon was impaired—an opinion that would not change even if a doctor's note stated that Reardon was not capable of passing a test. Patrolman Swanson testified that when he inventoried the contents of the car, he found one empty sixteen-ounce Busch beer can and three full cans on the car's front-passenger-side floorboard.

Reardon moved for a directed verdict on the DWI charge at the conclusion of the State's case. He argued that Corporal Smith testified on cross-examination that "he did the testing [in]correctly"; that the invalid first test rendered the subsequent tests invalid; and that, without valid testing, there was nothing to indicate intoxication. The trial court denied the directed-verdict motion, and the defense put on its case.

Reardon and his friend Kelly Scott each testified that, on the day of the arrest, they had

---

[2]Our briefing requirements specify that the abstract must not reproduce the transcript verbatim. See also, Ark. Sup. Ct. R. 4–2(a)(5)(B). Pages 4–24 of appellant's abstract are verbatim from the transcript of a video of the field sobriety tests. However, the abstract also contains extensive testimony about Corporal Smith's administration of these tests and Reardon's performance on them, and the DVD is included in the addendum. Therefore, we need not consider the verbatim abstracting itself in determining the merits of this appeal.

been together at their friend Jane's home, where they ate supper and drank beer that Reardon had brought with him. Scott testified that he, his brother, and Reardon each drank a beer and that Reardon did not appear to be intoxicated when he left Jane's home. Reardon testified that he was physically disabled and that, after the traffic stop, he refused to take the breath test because he was paranoid and agitated. He admitted that his medical records would indicate he drank three to seven beers daily, but he testified that this was his weekly amount instead. A letter written by Reardon's physician stated that Reardon had "multiple pain syndrome" involving his spine, foot, and knee—which could affect a field-sobriety test for standing on one leg—and that he was "on full time short acting morphine, which is not sedating or inebriating." At the close of his case, Reardon again moved for a directed verdict on the charge of DWI, arguing that the evidence showed he had not been intoxicated and had not had too much to drink. The motion was denied.

On appeal, Reardon notes the absence of breathalyzer-test results and argues that the State placed the weight of its case on invalid field-sobriety tests conducted by Corporal Smith. Reardon notes Smith's testimony that Reardon said he was taking medications and had previous physical injuries. He points to Smith's testimony on cross-examination that if a test is not administered properly, the remaining tests are invalid; that he did not follow training procedures in this particular case; and that the first test was invalid because he did not follow standard procedures, making the other tests "immaterial." Reardon argues that Smith's perceptions constituted circumstantial evidence that forced the jury to rely on speculation and conjecture.

SLIP OPINION

We agree with the State that Reardon's argument is unfounded. It is well settled that it is the province of the fact-finder to determine the weight of evidence and the credibility of witnesses. *Johnson*, 337 Ark. at 202, 987 S.W.2d at 698. On appeal, the test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; the evidence is reviewed in the light most favorable to the State, and only evidence tending to support the verdict is considered. *Id*. at 201, 987 S.W.2d at 697. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*.

The jury heard the testimony of all the witnesses, including the opinion testimony of Corporal Smith, and it viewed the video of the traffic stop. Corporal Smith smelled intoxicants in Reardon's car, saw an empty sixteen-ounce beer can on the front-passenger floor, and observed Reardon's eyes to be bloodshot and watery. Patrolman Swanson also saw the empty beer can in the car. Reardon refused to take a breathalyzer test, performed poorly on field tests, and admitted drinking beer before the time of the stop, and Corporal Smith considered him to be intoxicated and a danger to other drivers. We hold that this was substantial evidence to support Reardon's conviction for DWI. Therefore, the conviction is affirmed.

We note a discrepancy within the sentencing order, which indicates that three sentences are to run concurrently but reflects that the only sentence imposed was thirty days in the county jail for the DWI. The jury verdict forms confirm that the sole sentence for the three convictions was the thirty-day DWI sentence. We remand to the circuit court for

correction of the sentencing order.

Affirmed; remanded for correction of sentencing order.

KINARD and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.