2010 Ark. App. 9

**Melvyn STEWART, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–863.**

Court of Appeals of Arkansas.

Jan. 6, 2010.

Melvyn D. Stewart, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Lauren Elizabeth Heil, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

Melvyn Stewart brings this pro se appeal of his conviction for driving while intoxicated. He was arrested on this charge in the parking lot of Applebee's Restaurant in Little Rock on March 13, 2008. After being convicted in district court, he appealed to the circuit court and filed a pretrial motion to suppress evidence. The circuit court denied the motion after conducting a hearing. The case proceeded to a bench trial. At the conclusion of the evidence, the court denied Stewart's motion for dismissal and found him guilty of driving while intoxicated. He now appeals to this court, initially list-

ing in his brief ten somewhat confusing "points on appeal." The State clarifies these as two points that were actually raised below, and Stewart presents these two points in his reply brief. We address his contentions (1) that the trial court erred in denying his motion to suppress, and (2) that there was insufficient evidence to support the conviction. We begin with the second point, and we affirm.

### |₂*Sufficiency of the Evidence*

■ A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Cora v. State,* 2009 Ark. App. 431, 319 S.W.3d 281. Although Stewart challenges the sufficiency of the evidence in his second point, the prohibition against double jeopardy requires that we review the evidence's sufficiency prior to examining trial error. *Chrobak v. State,* 75 Ark.App. 281, 58 S.W.3d 387 (2001).

■ It is unlawful and punishable for any person who is intoxicated to operate or be in actual physical control of a motor vehicle. Ark.Code Ann. § 5–65–103(a) (Repl.2005). Proof of the offense requires a showing that a defendant had "actual physical control of the vehicle while intoxicated" but does not require a showing that the defendant "was *driving* the vehicle or driving the vehicle in a hazardous or negligent manner." *Beasley v. State,* 47 Ark. App. 92, 96, 885 S.W.2d 906, 908 (1994); *see also Wiyott v. State,* 284 Ark. 399, 683 S.W.2d 220 (1985) (holding that the appellant was shown to be in control of a vehicle where he was sleeping behind the steering wheel, the keys were in the ignition, he attempted to start the vehicle when officers awoke him, and there was no evidence that anyone else had control over the vehicle).

We will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Cora, supra.* In reviewing the sufficiency of the evidence, we review all the evidence, including any that was erroneously admitted. *LaRue v. State,* 34 Ark.App. 131, 806 S.W.2d 35 (1991). When the sufficiency of the evidence to support a criminal conviction is challenged on appeal, we review the |₃evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Id.* Substantial evidence is evidence that induces the mind to go beyond mere suspicion or conjecture and that is of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. *Id.* We will consider only the evidence supporting the verdict and defer to the circuit court on matters of witness credibility. *Ficklin v. State,* 104 Ark.App. 133, 289 S.W.3d 481 (2008).

Stewart appears to contend on appeal that the trial court erred by denying his motion to dismiss the charge against him because Officer Matt Hoffine's testimony was not credible. In a similar vein, he argued at trial that the officer's testimony was "inconsistent." He refers only to the officer's testimony at the suppression hearing about observing keys in the ignition of Stewart's parked vehicle and to the officer's trial testimony about an undefined receipt in Stewart's pocket. As discussed further in the next point, however, the officer also testified that Stewart seemed confused, smelled of intoxicants, had "glassy" eyes, turned off the car when the officer approached, fumbled with his wallet, and failed field sobriety tests.

We remind Stewart that we do not address issues not raised and ruled on by the trial court, nor arguments not well-developed or supported by convincing authority.

*See, e.g., Williams v. State,* 2009 Ark. 433, 373 S.W.3d 237, 2009 WL 3367485; *Echols v. State,* 344 Ark. 513, 42 S.W.3d 467 (2001). In any event, because it was within the realm of the trial court to determine the credibility of the officer's testimony, Stewart's argument that the testimony was incredible does not constitute grounds for reversal.[1]

### Motion to Suppress

█ Stewart's motion to suppress listed three arguments. They can be classified as follows: (1) lack of probable cause to seize him because he was not driving the vehicle when officers made contact, they did not observe him violate a law, and they had no grounds to suspect that he was committing an unlawful act; (2) lack of probable cause to conduct an illegal search, in the form of field sobriety tests; and (3) "irrelevant evidence," alleging that the only relevant evidence was that which tended to establish that he was under the influence of alcohol "while operating or in actual physical control" of the vehicle. At the suppression hearing, the circuit court found that the officers "had reasonable suspicion to approach the car and question [Stewart] based upon the ... odor of intoxicants and the performance on the field sobriety test and ... had probable cause to make an arrest for DWI." On this basis, the court denied the motion to suppress.

The testimony as abstracted by Stewart consists of portions of testimony by Officer Hoffine and Officer Maria Langley. They testified that they responded to telephone calls from Applebee's manager and a taxicab driver about an intoxicated person and a disturbance inside the restaurant. When the officers arrived, they noticed Stewart in the driver's seat of a Jeep Liberty backed into a parking spot at the restaurant. The manager and the cab driver, who was in his taxi in the parking lot, indicated that the parked Jeep was the vehicle the officers were looking for. The manager told Hoffine that Stewart was asked to leave the restaurant after the manager, thinking that Stewart had passed out, noticed him with his head resting on the table. Hoffine also was told that a taxicab was called so that Stewart would not have to drive home, that he became belligerent when the cab arrived, and that he stated he was "fine to drive" and needed no help.

As the State notes, there was also testimony that Officer Hoffine walked to the Jeep and tapped on the window, Stewart seemed confused, his eyes were glassy and watery, there was a smell of intoxicants when he rolled down the window, and the vehicle's radio and dash lights were on. The officer also testified that after he approached, Stewart turned off the car, placed the keys in his pocket, "fumbled his wallet," finally produced a driver's license, and failed field-sobriety tests. Hoffine placed Stewart under arrest for "driving under the influence" and, in a search incident to arrest, discovered receipts for Samuel Adams beer and Jack Daniels.

█ An officer's mere approach to a car parked in a public place does not constitute a seizure. *Bohanan v. State,* 72 Ark.App. 422, 429, 38 S.W.3d 902, 907 (2001). Additionally, Ark. R.Crim. P. 2.2 (2009) clearly authorizes a law-enforcement officer to request any person to furnish information or otherwise cooperate in the investigation or prevention of a crime. An officer who is performing his or her duties may also stop and detain any person who the officer "reasonably suspects is committing, has committed, or is about to

---

1. We also note that the argument portion of Stewart's brief fails to refer to materials in the abstracted testimony or the addendum as required by Ark. Sup.Ct. R. 4–2(a)(7) (2009).

commit ... a misdemeanor involving danger of forcible injury to persons ... if such action is reasonably necessary ... to determine the lawfulness of his conduct." Ark. R.Crim. P. 3.1 (2009); *see Bohanan, supra* (rejecting arguments that informants' tips were insufficient to give the officer the right to order the appellant out of his car in a driveway when he was found in it and that the officer lacked reasonable suspicion to justify a stop of the vehicle). Finally, information from an identified citizen-informant corroborated by the officer's own observations can constitute reasonable suspicion of driving under the influence. *Frette v. City of Springdale,* 331 Ark. 103, 120–21, 959 S.W.2d 734, 743–44 (1998).

Here, in light of reports from the cab driver and restaurant manager, Officer Hoffine acted reasonably by approaching Stewart's car to investigate whether he was about to drive while intoxicated. Thus, the initial detention was supported by the officers' reasonable suspicion that Stewart was driving while intoxicated. Furthermore, even if a seizure occurred when Stewart was asked to get out of his car, the information provided by identified citizen-informants combined with Stewart's obvious intoxication when the officer approached provided the reasonable suspicion that Stewart was about to drive under the influence. The circuit court did not err in denying his motion to suppress on this basis.

Furthermore, the seizure of the receipt was pursuant to an arrest supported by probable cause. A law-enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed the offense of driving a vehicle while under the influence of an intoxicating liquor or drug. *See State v. Lester,* 343 Ark. 662, 668, 38 S.W.3d 313, 316–17 (2001); Ark. R.Crim. P. 4.1(a)(ii)(C) (2009). Reason-

able, or probable, cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested. *McKenzie v. State,* 69 Ark.App. 186, 188, 12 S.W.3d 250, 251 (2000). Additionally, an officer who is making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused for the purpose of obtaining "evidence of the commission of the offense for which the accused has been arrested." Ark. R.Crim. P. 12.1(d) (2009); *McKenzie,* 69 Ark.App. at 188, 12 S.W.3d at 251 (applying rule). Under these standards, Stewart's arrest was supported by probable cause that he was driving under the influence; therefore, the search incident to arrest, which yielded the receipt, was reasonable.

As recounted above, the manager of Applebee's reported that Stewart appeared to be intoxicated while he was in the restaurant, he was offered a taxicab ride home by the manager, and he refused the ride. Officer Hoffine discovered Stewart while he was sitting in his Jeep, with the keys in the ignition. *Cf. Bohanan,* 72 Ark.App. at 427, 38 S.W.3d at 905–06 (explaining that an intoxicated person in the front seat of a vehicle, with the keys in the ignition, was in actual physical control for purposes of proving driving while under the influence). Moreover, Stewart failed two field-sobriety tests. Probable cause therefore supported his arrest for driving while under the influence, and the search that yielded the receipt was reasonable.

Affirmed.

ROBBINS and KINARD, JJ., agree.