SLIP OPINION  Cite as 2014 Ark. App. 431

# ARKANSAS COURT OF APPEALS

## DIVISION III
No. CR-14-16

|  |  |
|---|---|
| | **Opinion Delivered** August 27, 2014 |
| COURTNEY ELLEN TILLER<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[No. CR-13-982-1] |
| V. | HONORABLE WILLIAM A. STOREY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

The Washington County Circuit Court found appellant Courtney Tiller guilty of first-offense driving while intoxicated (DWI),[1] and sentenced her to 365 days in the county jail, with credit for one day served and 364 days suspended, along with a $200 fine and $300 court costs. On appeal, Tiller argues that the trial court erred in denying her motions to suppress the results of three field sobriety tests (FST) and evidence of her refusal to take a breath test. We affirm.

At the suppression hearing, Springdale Police Officer Rusty Boyd testified that on October 23, 2012, he was on patrol during the evening shift when he observed a white Nissan Maxima cross the center line of the road several times. Officer Boyd signaled to the driver of the vehicle to pull over, at which time the officer made contact with Tiller. The officer testified that Tiller's eyes were bloodshot and watery; her actions were lethargic and exaggerated; and

---

[1]Arkansas Code Annotated section 5-65-103(a) (Repl. 2005) provides that it is unlawful and punishable for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

SLIP OPINION

her speech was slow and deliberate. He said that although she produced her license, she was not able to produce her proof of insurance or registration; however, he found the documents in her glove box. While Tiller denied that she had been drinking alcohol, she stated that she had taken a Celexa for depression about an hour prior to the stop. The officer testified that Celexa fell under the "CNS depressant category," and that a person can be intoxicated on a CNS depressant.

Based on Tiller's movements, speech, and consumption of a CNS depressant, Officer Boyd asked her to step out of her vehicle and advised her that he was going to administer three FST. He testified that Tiller demonstrated six of six indicators of impairment during the first test; six of eight indicators of impairment during the second test; and three of four indicators of impairment during the third test. Officer Boyd stated that based on his observations of Tiller before the testing and her failure of the tests, he believed that she was intoxicated and not able to safely operate her vehicle, which he concluded constituted probable cause sufficient to support her arrest for DWI.[2] Officer Boyd transported Tiller to jail, where he read her the implied-consent form. Although she initialed the form, she refused to take the breath test. She was charged with first-offense DWI and violation of implied consent, and she was cited for driving left of center.

At the conclusion of Officer Boyd's testimony, counsel for Tiller moved to suppress the results of the FST, arguing that Tiller's Fourth Amendment rights had been violated because

---

[2]Officer Boyd also testified that he believed that he had probable cause to arrest Tiller for DWI without the FST results but that he proceeded with the testing because it was "protocol."

the officer conducted a warrantless seizure without her consent. Without the FST results, argued Tiller's counsel, there was a lack of probable cause to support the DWI arrest.[3] The trial court denied the motion to suppress.

At the onset of the bench trial, counsel for Tiller renewed the motion to suppress the results of the FST, which the trial court denied. Counsel additionally moved to suppress evidence of Tiller's refusal to take the breath test, arguing that she had the constitutional right to refuse the test because it was a warrantless search, it was not evidence of consciousness of guilt, and admission would violate Rule 403 of the Arkansas Rules of Evidence. The trial court denied this motion as well. Thereafter, the parties stipulated to Officer Boyd's testimony from the suppression hearing, and the trial court found Tiller guilty of first-offense DWI. Tiller appeals, challenging the trial court's denial of her motions to suppress.

When reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Fisher v. State*, 2013 Ark. App. 301, at 3–4, 427 S.W.3d 743, 746. A finding is in clear error when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* at 4, 427 S.W.3d at 746. The court defers to the superiority of the trial court

---

[3]Tiller's counsel further argued that the State should be prohibited from introducing the FST results into evidence at trial to prove intoxication. The motion was denied by the trial court, and Tiller does not challenge that ruling on appeal.

to evaluate the credibility of witnesses who testify at a suppression hearing. *Id.*, 427 S.W.3d at 746.

Tiller's first point on appeal—based on a Fourth Amendment violation—is that the trial court erred in denying her motion to suppress evidence of the FST results because the officer had no warrant to administer the tests and he failed to obtain her consent to testing. In *Frette v. City of Springdale*, our supreme court held that an officer's actions in ordering the defendant out of his parked truck to investigate a DWI, which included FST, constituted a "seizure" under the Fourth Amendment. 331 Ark. 103, 108–09, 959 S.W.2d 734, 736 (1998) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). However, our supreme court further held that such a warrantless intrusion is permitted when the officer has reasonable suspicion under Rule 3.1 of the Arkansas Rules of Criminal Procedure to suspect that the occupant of a parked vehicle is about to commit a DWI. *Frette*, 331 Ark. at 109, 959 S.W.2d at 736–37 (citations omitted). Rule 3.1 provides that

> [a] law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. An officer acting under this rule may require the person to remain in or near such place in the officer's presence for a period of not more than fifteen (15) minutes or for such time as is reasonable under the circumstances. At the end of such period the person detained shall be released without further restraint, or arrested and charged with an offense.

Ark. R. Crim. P. 3.1 (2012). "Reasonable suspicion" means a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; i.e., a suspicion that is

reasonable as opposed to an imaginary or purely conjectural suspicion. *Frette*, 331 Ark. at 109–10, 959 S.W.2d at 737 (citing Ark. R. Crim. P. 2.1). The justification for an investigative stop pursuant to these rules depends upon whether, under the totality of the circumstances, the police have specific, particularized, and articulable reasons indicating the person or vehicle may be involved in criminal activity. *Frette*, 331 Ark. at 110, 959 S.W.2d at 737 (citations omitted).

In *Fisher*, 2013 Ark. App. 301, at 4, 427 S.W.3d at 746, the defendant moved to suppress evidence of FST (including a portable-breath test), administered at a sobriety checkpoint, contending it was seized from him without a warrant and without his consent. The trial court denied the motion to suppress. Our court affirmed on appeal, holding that before the officer administered the FST, he had reasonable suspicion that the defendant had been driving while intoxicated because the defendant had bloodshot and watery eyes, smelled of intoxicants, had been driving, and admitted that he had been drinking. *Id.* at 8, 427 S.W.3d at 748.

Likewise, in the case at bar, based on Rules 2.1 and 3.1, along with our holding in *Fisher*, we hold that there was no Fourth Amendment violation because Officer Boyd's warrantless seizure (commanding Tiller to perform the FST) was based on his reasonable suspicion that she had committed the offense of DWI. The officer witnessed Tiller repeatedly cross the center line in violation of Arkansas Code Annotated section 27-51-301 (Repl. 2010). He observed that her eyes were bloodshot and watery; her actions were lethargic and exaggerated; and her speech was slow and deliberate. She was unable to produce her insurance or registration documentation, which he found in the glove box. Finally, Tiller admitted that she had taken a CNS depressant an hour prior to the stop, which, according to Officer Boyd, can intoxicate a person. Because

Officer Boyd's warrantless seizure was authorized under Rules 2.1 and 3.1, it was lawful and Tiller's consent was not required. Accordingly, we affirm on this point.

Furthermore, we hold that Officer Boyd had probable cause to arrest Tiller without consideration of the FST. A law-enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed the offense of driving a vehicle while under the influence of an intoxicating liquor or drug. *Stewart v. State*, 2010 Ark. App. 9, at 6, 373 S.W.3d 387, 391 (citing *State v. Lester*, 343 Ark. 662, 668, 38 S.W.3d 313, 316–17 (2001); Ark. R. Crim. P. 4.1(a)(ii)(C) (2009)[4]). Reasonable or probable cause for a warrantless arrest exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person to be arrested. *Stewart*, 2010 Ark. App. 9, at 6–7, 373 S.W.3d at 391. The testimony of Officer Boyd, wherein he described his observations of Tiller leading up to the FST (as set forth above), gave rise to probable cause that she was driving while intoxicated. *See also Fisher*, 2013 Ark. App. 301, at 8, 427 S.W.3d at 749 (holding that an arrest was supported by probable cause where the officer testified that the defendant had been observed driving, had bloodshot, watery eyes, smelled of intoxicants, and admitted that he had been drinking); *Hilton v. State*, 80 Ark. App. 401, 406, 96 S.W.3d 757, 761 (2003) (holding that the smell of alcohol, bloodshot eyes, the admission of drinking, and the refusal to take PBT established probable

---

[4]Rule 4.1(a)(ii)(C) provides that a law-enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed a traffic offense involving driving a vehicle while under the influence of any intoxicating liquor or drug.

cause). Because Tiller's arrest was supported by probable cause, it was lawful, and consent for FST was not required.

Tiller's second point on appeal is that the trial court erred in denying her motion to suppress evidence that she refused to consent to the breath test. While she concedes that there is a "long line of cases" in Arkansas holding that the refusal to take a blood-alcohol test is admissible as evidence of consciousness of guilt, she argues that those cases are distinguishable because they were not decided in light of a proper Fourth Amendment objection.[5] Tiller's Fourth Amendment objection is that a warrant was required before obtaining the chemical test from her and that exercising that right cannot be used against her. Tiller's argument fails.

The collection and testing of a person's blood, breath, or urine constitutes a search under the Fourth Amendment to the United States Constitution, requiring a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616–17 (1989). A warrantless search or seizure is per se unreasonable, unless it falls under a recognized exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357 (1967). The Arkansas implied-consent law is an exception to the warrant requirement. It provides that

> (a) Any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state is deemed to have given consent, subject to the provisions of § 5-65-203, to one (1) or more chemical tests of his or her blood, breath, saliva, or urine

---

[5]Tiller distinguishes two cases, *Medlock v. State*, 332 Ark. 106, 964 S.W.2d 196 (1998), and *Spicer v. State*, 32 Ark. App. 209, 799 S.W.2d 562 (1990), pointing out that the admissibility of the refusal to submit to testing as evidence of consciousness of guilt was considered under Rule 404(b) of the Arkansas Rules of Evidence. In those cases, it was held that the defendant's refusal to take the test was independently relevant on the issue of intoxication and therefore was properly admitted as circumstantial evidence showing a consciousness of guilt. *Medlock*, 332 Ark. at 109, 964 S.W.2d at 198; *Spicer*, 32 Ark. App. at 212, 799 S.W.2d at 564.

for the purpose of determining the alcohol or controlled substance content of his or her breath or blood if:

. . .

(3) At the time the person is arrested for driving while intoxicated, the law enforcement officer has reasonable cause to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has an alcohol concentration of eight hundredths (0.08) or more in the person's breath or blood.

Ark. Code Ann. § 5-65-202(a)(3) (Repl. 2005). Based on this statute, Tiller's consent to testing was implied, and no warrant was required for the search.[6] Accordingly, no Fourth Amendment violation occurred; therefore, we affirm on this point.

Tiller's third and final argument is that the trial court erred in denying her motion to suppress evidence because the refusal to submit to the breath test is inadmissible under Rule 403 of the Arkansas Rules of Evidence. She argues that a

person's refusal to insist that the prosecution obtain a search warrant is not probative of anything except that the person knows their constitutional rights. The prejudicial effect of that evidence greatly outweighs the probative value of this type of evidence.

Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2012). Evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. *Dimas-Martinez v. State*, 2011 Ark. 515, at 24, 385 S.W.3d 238, 253. Nevertheless, the

---

[6]Tiller cites cases from other jurisdictions for support; however, the cases are inapplicable because they do not involve an implied-consent statute. Tiller did not challenge the constitutionality of Ark. Code Ann. § 5-65-202(a) before the trial court, and she does not raise that argument on appeal.

evidence should not be excluded under Rule 403 unless the defendant can show that the evidence lacks probative value in view of the risk of unfair prejudice. *Id.*, 385 S.W.3d at 253. We review a trial court's ruling under Rule 403 for an abuse of discretion. *Id.*, 385 S.W.3d at 253.

A defendant's refusal to take a breath test is independently relevant on the issue of intoxication and therefore is properly admitted as circumstantial evidence showing a consciousness of guilt. *Medlock*, 332 Ark. at 109, 964 S.W.2d at 198; *Spicer*, 32 Ark. App. at 212, 799 S.W.2d at 564. In light of the holding in *Medlock* and *Spicer*, we conclude that the trial court did not abuse its discretion in finding that the probative value of Tiller's refusal to take the breath test was not substantially outweighed by the danger of unfair prejudice. Accordingly, we affirm the trial court's denial of Tiller's motion to suppress based on a Rule 403 violation.

Affirmed.

PITTMAN and WALMSLEY, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.