SLIP OPINION

Cite as 2015 Ark. App. 31

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–389

| | |
|---|---|
| MICHAEL DALE ALLEY<br>APPELLANT | **Opinion Delivered** January 28, 2015 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CR-12-880] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Michael Dale Alley appeals his conviction of second-offense driving while intoxicated (drugs) from the Benton County Circuit Court. Alley was sentenced to thirty days in the Benton County jail with twenty-three days suspended, ordered to pay $300 in court costs and a $20 booking fee, and fined $750. On appeal, Alley asserts that the circuit court erred when it denied his motion to suppress, overruled his Arkansas Rule of Evidence 403 objections, and denied his motion for a directed verdict. We affirm.

On October 28, 2011, Benton County Deputy Sheriff Jason Wood stopped Alley's vehicle on suspicion that Alley was driving while intoxicated. After performing a traffic stop and administering three field-sobriety tests, Deputy Wood arrested Alley.

Alley was later convicted in the Rogers District Court of second-offense DWI. He appealed his conviction to the Benton County Circuit Court. In the Benton County Circuit

Court, Alley filed a motion to suppress the results of the field-sobriety tests. A suppression hearing was held, and the circuit court denied Alley's motion.

On January 8, 2014, a bench trial was held. Deputy Wood testified for the State. He stated that on October 28, 2011, he saw Alley in the parking lot of a restaurant known to serve alcohol and observed him having difficulty exiting the lot in his vehicle. He then saw Alley driving erratically on the road. Deputy Wood explained that after seeing Alley's erratic driving, he stopped Alley's vehicle and asked Alley for his license and registration. He testified that Alley located the documents but looked at them for several minutes before passing them over. Deputy Wood testified that Alley then admitted that he had been drinking and had taken a Klonopin tablet earlier in the evening. Deputy Wood also noted that, during their conversation, Alley exhibited slurred speech.

Deputy Wood administered a breathalyzer on Alley, and the test showed less than .08% breath alcohol. Deputy Wood then directed Alley to perform three field-sobriety tests. Specifically, Alley performed the one-leg-stand, walk-and-turn, and horizontal gaze nystagmus tests. Deputy Wood testified that Alley failed all three tests, and a video shown at trial depicts Alley having difficulty with his balance. After administering the tests, Deputy Wood arrested Alley. Following his arrest, Alley gave a urine sample, which was sent to the Arkansas State Crime Lab.

The State introduced the urine-sample reports into evidence, and Danny Sanders, the chemist who completed the urine-sample reports, testified about the sample. Sanders stated that the sample tested positive for tramadol, promethazine, codeine, dihydrocodeine, and

alprazolam. However, he stated that he did not test the urine to see how much of each drug was contained in the sample. Sanders further testified that he could not determine from the sample when Alley ingested the drugs but that it could have been as long as two or three days prior to his arrest. Alley objected to the introduction of the urine-sample reports, arguing that the reports violated Arkansas Rule of Evidence 403. Alley made this objection four times, and the circuit court overruled each of Alley's objections.

At the conclusion of the State's case, Alley moved for a directed verdict, and the circuit court denied it.[1] The court then convicted Alley of second–offense DWI under Arkansas Code Annotated section 5-65-103(a) (Repl. 2005). Alley now appeals his conviction, asserting that the trial court erred when it (1) denied his motion to suppress the field-sobriety tests; (2) overruled his Arkansas Rule of Evidence 403 objections; and (3) denied his motion for a directed verdict for insufficient evidence.

## I. *Motion for Directed Verdict*

A motion for directed verdict is a challenge to the sufficiency of the evidence, which we consider before any other points on appeal. *Graham v. State*, 2012 Ark. App. 90, at 5, 389 S.W.3d 33, 36. Alley contends that the State presented insufficient evidence to establish his intoxication by drugs in violation of Arkansas Code Annotated section 5-65-103(a). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence of sufficient force and character that will, with reasonable certainty, compel a conclusion one way or the

[1]Alley did not call any witnesses.

other without resort to speculation or conjecture. *Id*. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence, including any that may have been erroneously admitted, in the light most favorable to the State and considers only the evidence that supports the conviction. *Id*.

Under Arkansas Code Annotated section 5–56–103(a), it is unlawful for any person who is intoxicated to operate or be in actual physical control of a motor vehicle. "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination of alcohol, a controlled substance, or an intoxicant, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury to himself and other motorists or pedestrians. Ark. Code Ann. § 5–65–102(2) (Repl. 2005).

In this case, Alley argues that the State presented insufficient evidence of intoxication because the State performed only a qualitative analysis on the urine sample and did not complete a quantitative test on it. Alley also notes that Sanders, the chemist who completed the analysis, could not link the urine-test results to intoxication. Alley's argument is unpersuasive. Without the results of the urine sample, the State offered other substantial evidence that Alley was intoxicated. Deputy Wood testified that he observed Alley having difficulty exiting the parking lot and saw him driving erratically on the road. Deputy Wood further testified that Alley admitted to having taken Klonopin that night and exhibited slurred speech. Deputy Wood also reported that Alley had difficulty identifying his license and registration. Moreover, Deputy Wood testified that he administered three field-sobriety tests

on Alley and he failed all three tests, and a video shown at trial clearly shows Alley having difficulty with his balance. Deputy Wood's testimony constitutes substantial evidence to support the fact-finder's conclusion that Alley was intoxicated. Accordingly, the circuit court properly denied Alley's motion for a directed verdict.

## II. *Motion to Suppress*

Alley argues that the circuit court should have granted his motion to suppress the field–sobriety tests because Deputy Wood commanded Alley to perform the tests. In other words, Alley argues that the Fourth Amendment requires law enforcement officers to receive consent before directing an individual to take a field-sobriety test. In reviewing a circuit court's denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Stokes v. State*, 375 Ark. 394, 291 S.W.3d 155 (2009).

This court has held that no Fourth Amendment violation occurs when an officer commands a defendant to perform a field-sobriety test if the officer had reasonable suspicion that a defendant had committed the offense of DWI. *Tiller v. State*, 2014 Ark. App. 431, at 5, 439 S.W.3d 705, 708; *Fisher v. State*, 2013 Ark. App. 301, at 4, 427 S.W.3d 743, 746. In this case, Alley does not challenge whether Deputy Wood had reasonable suspicion. Alley argues only that the test should have been suppressed because he never consented. According to the holdings in *Tiller* and *Fisher*, the Fourth Amendment did not require Deputy Wood to receive consent when he had reasonable suspicion that Alley had committed the offense of

DWI. Accordingly, the circuit court properly denied Alley's motion to suppress the field-sobriety tests.

### III. *Arkansas Rule of Evidence 403 Objections*

Finally, Alley claims that the trial court erred when it admitted into evidence the urine-sample reports because the reports violate Arkansas Rule of Evidence 403. Our standard of review for evidentiary rulings is that circuit courts have broad discretion, and a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of discretion. *Vance v. State*, 2011 Ark. 392, at 4, 384 S.W.3d 515, 519. Arkansas Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In this case, Alley merely asserts that the reports unfairly prejudiced him because "no testimony from any state witness linked the urine drug results to any level of intoxication." We hold that the admission of the urine-sample reports did not unfairly prejudice Alley. Accordingly, the circuit court did not abuse its discretion when it admitted the reports into evidence.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.