Rita W. Gruber, concurring. As noted by the majority, appellant’s petition to set aside the no-contact order referred to both Arkansas Rule of Criminal Procedure 9.3 and j ¡Arkansas Code Annotated section 16-85-714. His petition recites the title of Rule 9.3, Prohibition of Wrongful Acts Pending Trial, and alleges that “somewhere a form was incorrectly prepared that purpprts to enforce a 10 year prohibition on contact pursuant' to a pre-trial release Order.” Appellant argued to the trial court that the no-contact order “doesn’t say under what statutory authority it was issued, but [presumably] it would be Rule 9,3, prohibition against wrongful acts pending trial.” The State responded, “It’s our standard-no contact order but it was the State’s intent that after Mr. Hardin pled guilty to a misdemeanor battery on the victim, ,.. that the no-contact order would remain in effect for ten years.” Appellant concludes in his brief to this court: It seems apparent that at some point an error was made and certain parts of the form Order of Protection found elsewhere in the Arkansas Code were blended into the No Contact Orders issued by the Circuit Court in criminal cases in Jackson County, Arkansas.[2] The State can point to no authority, because none exists, by which .a circuit court can issue a pre-trial order requiring a defendant to give up certain legal rights for a period of ten years or face potential contempt charges, particularly where the ultimate adjudication results in a misdemeanor conviction and neither the State nor Defendant contemplated that the prohibitions contained in the pretrial no contact order would survive the conyiction. The No Contact Order issued in the Jackson County case should be set aside and held for naught. | (¡(Emphasis added.) Appellant’s arguments to this court focus on the application of the 2011 statute to the 2010 no-contact order and on the fact that the 2012 plea negotiations did not reference the 2010 order. He has not developed any argument that, even under Arkansas Rule of Criminal Procedure Rule 9.3, the circuit court-lacked authority to issue a pretrial no-contact order for a ten-year period and to allow it to survive adjudication. We cannot address arguments that are not well developed or arguments unsupported by convincing authority, Stewart v. State, 2010 Ark. App. 9, 373 S.W.3d 387. I agree with the majority’s decision to affirm based on the only argument presented to us, that the trial- court erred in not retroactively applying Arkansas Code Annotated section 16-85-714 to the 2010 no-contact order. Therefore, I concur. . Among the items that were check-marked in the no-contact order against Hardin was No. 2: “You are ordered to immediately leave and stay away from the victim's residerice/apartment complex ,. or wherever else you may have reason to know the Victim may reside. The Court also ORDERS you not to shut off, or cause to be shut off, any utilities or mail delivery to the victim, and not to interfere in any way with the victim’s right to possess that residence.” Item No. 4, which was not check-marked, states: '"You may exercise visitation rights. Peaceful contacts with the Victim are allowed in accordance with a Chancery Court Order.” This language is common to that formerly found in chanceiy cases and now found in domestic-relations cases.