SLIP OPINION

Cite as 2016 Ark. App. 482

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-186

| | | |
|---|---|---|
| DUSTIN B. HEMBEY | | **Opinion Delivered** October 19, 2016 |
| | APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT [NO. 55CR2014-71.1] |
| V. | | |
| | | HONORABLE TOM COOPER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Dustin Hembey was arrested and charged with one count of being a felon in possession of a firearm. He exercised his right to trial by a jury. A Pike County jury convicted him of that charge and sentenced him as a habitual offender to thirty years in the Arkansas Department of Correction. For his sole point on appeal, he argues that there was insufficient evidence that he possessed the firearm for purposes of the statute. We affirm.

The facts presented to the trial court are fairly straightforward. On September 13, 2014, Pike County Sheriff's Deputy Shaun Furr and an EMT responded to Hembey's home to provide medical care to his grandmother.[1] Hembey told Deputy Furr that his grandmother

---

[1] We note at the outset that Hembey's abstract is not compliant with our rules of appellate procedure. Rule 4-2(a)(5)(B) of the Rules of the Supreme Court and Court of Appeals requires that the first person ("I") rather than the third person ("He or She") be used in abstracting testimony. Here, while appellate counsel did abstract the testimony in the first person, he did so from the point of view of the appellant not the witness testifying. This made it difficult to ascertain who the actors and speakers were and resulted in an abstract that was somewhat confusing. However, we do not find the abstract to be so deficient that the

had fallen, that he put her to bed, and that he had called 911. While at the residence, Deputy Furr observed Hembey exhibiting unusual behavior. Deputy Furr noticed that Hembey was picking things up and moving them. Due to the nature of the call, Deputy Furr called Detective Kinsler for backup and secured the scene. Deputy Furr and Hembey then waited outside for Detective Kinsler to arrive. While awaiting Detective Kinsler's arrival, Deputy Furr asked Hembey to sign a voluntary search and statement form. He agreed. After Detective Kinsler arrived, Detective Kinsler advised Hembey of his *Miranda* rights and confirmed his consent to search. A search of the home revealed a .22–caliber rifle and two BB guns leaning against a chest of drawers in a back bedroom. A box of .22-caliber ammunition was located on the night stand.[2] Hembey admitted that the bedroom where these items were discovered was his bedroom and that the rifle was his, but claimed he was allowed to possess it. In addition to this evidence, the State introduced evidence of Hembey's prior felony conviction and then rested.

At the close of the State's case, Hembey moved for a directed verdict, arguing that the State had failed to prove possession of the firearm. The trial court denied the motion. The defense did not put on any evidence and, after resting, renewed its directed-verdict motion. The court again denied his motion, and the jury returned a guilty verdict. Hembey appeals

---

merits could not be reached and, thus, do not order rebriefing. *See* Ark. Sup. Ct. R. 4–2(b)(3) (2015).

[2] Various other caliber ammunition and some spent cartridges were also found in the bedroom.

the conviction, arguing that the trial court erred in denying his directed-verdict motions because there was insufficient evidence that he possessed the firearm in question.

On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Foster v. State*, 2015 Ark. App. 412, 467 S.W.3d 176; *Bustillos v. State*, 2012 Ark. App. 654, 425 S.W.3d 44. We will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the circuit court's ruling. *Bustillos*, *supra*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. Furthermore, this court views the evidence in the light most favorable to the circuit court's ruling, and only evidence supporting the ruling will be considered. *Id*.

Here, Hembey argues that the State failed to prove that he had knowledge of the prohibited weapon. More specifically, he argues there was no evidence that he knew the firearm was present in the bedroom or that the rifle was a firearm and not a BB gun. In support of his argument, he notes that the firearm was mixed amongst other pellet guns and that Detective Kinsler testified that the rifle looked like a BB gun. However, he did not make that argument to the trial court in his motion for a directed verdict as he was required to do to preserve this issue for appeal. Ark. R. Crim. P. 33.1(c). The reason underlying this rule is that, when specific grounds are stated and the proof is pinpointed, the trial court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Matar v. State*, 2016 Ark. App. 243, at 4, 492 S.W.3d 106, 109. A further reason that the motion must be specific is that the appellate court cannot decide an issue for the first time on appeal and

3

cannot afford relief that is not first sought in the trial court. *Id.* Thus, we do not decide this issue.

Hembey also argues that the State failed to prove actual possession, constructive possession, or joint possession coupled with knowledge of the firearm's existence. He notes that there was no evidence presented that he had held, touched, or moved the firearm, or that he even knew the firearm existed. He further highlights the testimony that indicated other persons—including nurses, caregivers, relatives, and friends—had access to the location where the gun was found.

Here, we need not delve too deeply into the arguments or the law of actual, constructive, or joint possession due to the facts presented to the circuit court. Detective Kinsler testified that Hembey admitted owning the gun but claimed he was allowed to possess it. The gun and the ammunition for it were found in Hembey's bedroom. Appellate counsel acknowledges Detective Kinsler's testimony regarding the ownership of the rifle but argues that this admission should not be considered because it was produced during cross-examination and not in the State's case-in-chief. He contends that to consider such evidence would relieve the State of its constitutional burden to present sufficient proof of the elements in violation of Hembey's right to due process. This argument was never presented below, and he cites no convincing authority that, when considering a motion for directed verdict, the trial court may consider evidence presented only by the State in making its determination. We do not address issues not raised and ruled on by the trial court, nor arguments not well developed

or supported by convincing authority. *See Stewart v. State*, 2010 Ark. App. 9 at 3, 373 S.W.3d 387, 389–90.

Viewing the evidence in the light most favorable to the State as we must do, we hold that Hembey's admission to owning the firearm and his access to it is sufficient evidence to support his conviction for possession of a firearm; therefore, we affirm.

Affirmed.

GRUBER and HOOFMAN, JJ., agree.

*J. Randle Smolarz*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.