JOSEPHINE LINKER HART, Associate Justice |; Isaac Elisha Evans was convicted by a Pulaski County jury of aggravated robbery and theft of properly. He waived jury sentencing and was sentenced by the court as a habitual offender to a term of life imprisonment in the Arkansas Department of Correction. On appeal, he argues that the circuit court clearly erred in denying his motion to suppress evidence seized' when the police, relying solely on an arrest warrant and an anonymous tip, entered his motel room using a key card and executed an arrest warrant. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(a)(2)(2014). We affirm. On February 22, 2013, a Simmons Bank in Little Rock was robbed by a Caucasian man. He presented Garianne Smith, who was working as a teller, a note that read, “Give me all the money from the highest bills to the smallest. No GPS, no tracking. Your cooperation depends on your safety.” When Ms. Smith hesitated, the robber pulled up his shirt revealing that he had a hand in one of his pockets. The teller handed him nearly $4000. Shortly after the robbery, appellant’s brother-in-law, Louis Martin, recognized Evans in pictures from the robbery that had been posted on a local TV station’s website. He | {.contacted police and informed them that the suspect they were seeking was Evans. Two bank employees, Garianne Smith and Sarah Lane, confirmed that Evans was the robber by picking his picture out of a photo array. The police secured an arrest warrant. On February 26, 2013, Evans was apprehended in a North Little Rock motel room. In the room, police found a pair of Coogi jeans like those that the suspect was wearing in bank-surveillance photos; some “loose” money; Evans’s state-issued identification card, issued the day of the robbery, which showed him clean shaven and with close-cropped hair; and hair clippers and shaving supplies. Evans moved to suppress the evidence that was seized as a result of his arrest. At the suppression hearing, the arresting officer, Little Rock Police Detective Barry Flannery, testified that at approximately 8:00 p.m. on February 26, he and Sergeant Bruce Maxwell were working in downtown Little Rock when they received information via radio transmission that Detective Terrell Vaughn had received an anonymous tip that Evans was in room 123 at America’s Best Value Inn on J.F.K. Boulevard in North Little Rock. Flannery testified that he believed that the anonymous caller had also notified North Little Rock police that Evans was at the motel. According to Flannery, he, Maxwell, and Sergeant Calvin Grogan proceeded directly to the motel. He further testified that they obtained a key card from the motel office, and as they approached the room, they noted that a light was on and they could hear the sounds of a television. According to Detective Flannery, the light and the sound of the television was the basis for their belief that Evans was present in the room. laWhen their knock on the door was not answered, they used the key card to gain entrance to the motel room where they encountered Evans, sitting on a bed. After arresting him, they impounded his belongings in accordance with department policy. According to Flannery, all of the items seized in the motel room were in plain sight. On cross-examination, Flan-nery admitted that he did not know how the key card was obtained from the desk clerk, recalling only that Sergeant Maxwell had brought it to him while he watched the room identified by the anonymous caller. The other two police officers were called as witnesses at the hearing. Little Rock Police Sergeant Calvin Grogan likewise testified that he and other officers went to the North Little Rock motel with the sole purpose of arresting Evans. He did not provide any information concerning how the key card was obtained, remembering only that “Detective Flannery had one.” Little Rock Police Sergeant Bruce Maxwell confirmed that he participated in Evans’s arrest, along with Detectives Flan-nery and Grogan. Like Grogan, Maxwell could not recall how the key card was obtained. Both detectives stated that the items seized were close to Evans at the time of his arrest. Relying on Alabama v. White, 496 U.S. 825, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and Scroggins v. State, 276 Ark. 177, 633 S.W.2d 33 (1982), Evans acknowledged to the circuit court that when the police have an arrest warrant, they may enter a person’s home or motel room if the police officer has reason to believe that it is his home and he is present. He further asserted that “reason to believe means that the police serving the warrant must believe two things: One, that the person arrested lives in the residence, and two, that |4the person is actually in the residence.” Evans argued further that an anonymous tip that was not corroborated or verified does not establish a reasonable belief. After arguments of counsel, the circuit court denied Evans’s motion to suppress. Evans timely filed a notice of appeal. On appeal, Evans argues that the circuit court clearly erred in denying his motion to suppress evidence because the Little Rock Police officers who entered his motel room to serve an arrest warrant did so based on nothing more than an uncorroborated anonymous tip that he was present in the room. He notes further that the police entered the room without a search warrant, without consent, and without exigent circumstances. Evans asserts that police officers may only enter a residence to serve an arrest warrant if they have reason to believe that the person to be arrested lives in the residence. Further, Evans contends that for police officers to lawfully serve an arrest warrant on a suspect living in a residence, they must have a reasonable belief that (1) the suspect lives in the residence to be entered and (2) the suspect is present when the police enter the residence. He further contends that, as a matter of Arkansas law, a “reasonable belief’ is a belief that an ordinary prudent person would form under the circumstances, not a belief that was recklessly or negligently formed. Accordingly, Evans argues, the entry into his motel room was illegal because it was based on an uncorroborated anonymous tip without any exigent circumstances that justified their entry. He also asserts that he was prejudiced because the evidence seized in the arrest corroborated an eyewitness account that he was wearing a particularly distinctive brand of jeans and that he had undertaken an effort to change his appearance. |sEvans’s argument presents an issue of first impression as to whether officers executing a valid arrest warrant can form a reasonable belief that the person to be arrested is residing in a motel room based solely on an anonymous uncorroborated tip. Even though the police had secured an arrest warrant for Evans, absent exigent circumstances or consent, the arresting officer could not enter the dwelling of a third party without a search warrant. Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). In Payton, however, the Supreme Court stated that an arrest warrant was sufficient to satisfy the Fourth Amendment where the entry of a suspect’s dwelling was concerned. 445 U.S. at 603, 100 S.Ct. 1371. It stated: It is true that an arrest warrant requirement may afford less protection than a search warrant requirement, but it will suffice to interpose the magistrate’s determination of probable cause between the zealous officer and the citizen. If there is sufficient evidence of a citizen’s participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within. 445 U.S. at 602-03, 100 S.Ct. 1371. The United States Court of Appeals for the Eighth Circuit has held that under Pay-ton, officers executing an arrest warrant at a residence must have (1) a reasonable belief that the suspect resides at the place to be entered and (2) reason to believe the suspect is present. United States v. Risse, 83 F.3d 212 (8th Cir.1996). In Risse, the police discovered marijuana and drug paraphernalia when they entered Risse’s home to execute an arrest warrant on Risse’s girlfriend, Rhoads. The police knew that Rhoads maintained a separate residence, but learned from Rhoads that she was “staying” with Risse. The Eighth Circuit held that Rhoads’s information provided police with a reasonable belief that Rhoads | (¡resided with Risse. When we review a circuit court’s denial of a motion to suppress evidence, we conduct an independent inquiry based on the totality of the circumstances, evaluating findings of historical facts for clear error. Villanueva v. State, 2013 Ark. 70, 426 S.W.3d 399. We give due weight to inferences drawn by the circuit court, and we will reverse the circuit court only if the ruling is clearly against the preponderance of the evidence. Id. We also defer to the trial court’s superior position to judge the credibility of witnesses. Id. In the case before us, the police based their decision to enter Evans’s room solely on the anonymous tip, which was received by someone other than the arresting officers. They could relate no details regarding the tip. Likewise, the police did not provide any information to establish any other basis for a reasonable belief that Evans was residing in the room. The police were unable to recall how they obtained a key card to room 123, or even which of the three officers actually procured it. Regarding whether the police had reason to believe that Evans was present in the motel room, the police again relied exclusively on the anonymous tip. Although their testimony that the lights and television were on might support a reasonable belief that someone was in the room, nothing but the anonymous tip indicated that the occupant, if any, was Evans. Additionally, the officers observed no activity, and no one answered when they knocked on the door. Accordingly, we cannot say that under these facts the police had a reasonable belief that it was Evans’s motel room and that Evans was present. The Supreme Court held in Navarette v. California, — U.S. -, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014), that an 17anonymous tip, without a sufficient indi-cia of reliability, cannot provide a basis for finding reasonable suspicion to make a traffic stop.[1] It stated, “[A]n anonymous tip alone seldom demonstrates the informant’s basis of knowledge or veracity.” Id. at 1688 (citing White v. Alabama, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). Here, the uncorroborated anonymous tip, standing alone, did not provide sufficient detail for a reasonable belief that the motel room was Evans’s room or that Evans was present. Payton, supra. Thus, the circuit court erred in admitting the evidence seized incident to Evans’s arrest. However, our inquiry does not end there. The denial of a motion to suppress can be harmless error when the evidence of guilt is overwhelming and the error is slight, or this court concludes beyond a reasonable doubt that the error did not contribute to the verdict. Livingston v. State, 2013 Ark. 264, 428 S.W.3d 474. In applying this doctrine, we must exclude the improperly admitted evidence and examine the remaining evidence. Id. . As noted previously, the evidence seized in Evans’s motel room was relevant because it tended to corroborate Evans’s identity as the bank robber. However, Evans’s identity as 18the person who robbed the bank was established at trial by more than two dozen surveillance photos; identification of Evans by bank employees Garianne Smith and Sarah Lane; and testimony of Louis Martin, Evans’s brother-in-law, that Evans was the person depicted in the surveillance photos. The foregoing constitutes overwhelming evidence of Evans’s identity; therefore, we hold that the circuit court’s error in denying Evans’s motion to suppress was harmless beyond a reasonable doubt. Pursuant to Arkansas Supreme Court Rule 4 — 3(i) (2014), the record has been reviewed for all objections, motions, and requests that were decided adversely to Evans, and no prejudicial error has been found. Affirmed. Hannah, C.J., and Danielson and Goodson, JJ., concur. . The concurring opinion’s attack on our citation of Navarette bears some explaining. The Navarette Court stated: The indicia of the 911 caller's reliability here are stronger than those in [Florida v.] J.L. where we held that a bare-bones tip was unreliable. 529 U.S. [266] at 271 [120 S.Ct. 1375, 146 L.Ed.2d 254 (2000)]. Although the indicia present here are different from those we found sufficient in White, there is more than one way to demonstrate "a particularized and objective basis for suspecting the particular person stopped of criminal activity.” [United States v.] Cortez, 449 U.S. 411, 417-418 [101 S.Ct. 690, 66 L.Ed.2d 621 (1981)]. Under the totality of the circumstances, we find the indicia of reliability in this case sufficient to provide the officer with reasonable suspicion that the driver of the repotted vehicle had run another vehicle off the road. That made it reasonable under the circumstances for the officer to execute a traffic stop. Accordingly, the Navarette Court stated that more was required than a "bare-bones tip.”