Cite as 2020 Ark. App. 432

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-20-36

|  |  |
|---|---|
| RICHARD S. GROSS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 23, 2020<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-19-1198]<br><br>HONORABLE JOANNA TAYLOR, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Richard Stephen Gross, Jr., appeals from a conditional plea of guilty to misdemeanor DWI. He claims that the Washington County Circuit Court erred in denying his motion to suppress evidence. We disagree and affirm his conviction.

The facts of this case are undisputed. The only evidentiary hearing in which testimony was taken was a suppression hearing on August 19, 2019. The only two witnesses to testify at that hearing were police dispatcher Clayton McDaniel and Springdale police officer Jacob Whorton. They conveyed the following facts.

An anonymous caller contacted the nonemergency police number and reported that the caller smelled whiskey on the breath of a mail carrier that morning. This call was not made on the 911 system but was instead made directly to the police. The call was recorded. The caller made a positive identification of the driver by name and truck number and told the

dispatcher that the truck would be operating in a particular area of Springdale. The call was made at 8:41 am. The caller stated that he was Gross's coworker, that he had previously raised concerns to the postmaster about Gross drinking and driving, and that his call was based on advice he received after asking Springdale police officer Mike Hendricks what he should do if he noticed that a postal worker was drinking and driving.

Officer Jacob Wharton used Gross's name to pull up his arrest records and view his photograph. Gross had previously been arrested for DWI. About five minutes later, Officer Whorton saw the vehicle being driven in the area reported by the anonymous caller. Officer Whorton was able to identify the driver by both visual observation based on the photograph and truck number. Officer Whorton motioned the driver to stop by holding out his fully extended arm, palm forward and outward. Gross, who was driving the vehicle, stopped driving at that point. Officer Whorton then motioned for him to back his mail truck up and stop, and Gross complied with both commands. Prior to the traffic stop, Officer Whorton did not observe any traffic violation or unusual driving pattern. The stop was based on the information contained in the anonymous caller's report.

The circuit court held that the officer had enough information to make an investigatory stop; therefore, the evidence from the stop should not be suppressed. Gross then entered a conditional plea to DWI and was sentenced to thirty days in jail with twenty-nine days suspended, credit for one day served, and ordered to pay court costs in the amount of $300 and a fine of $200. This appeal follows.

When an appellant challenges the denial of a motion to suppress, this court conducts "a de novo review based on the totality of the circumstances, reviewing findings of historical

facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings." *Jackson v. State*, 2013 Ark. 201, at 5, 427 S.W.3d 607, 611. Clear error exists when the court, after reviewing all the evidence, "is left with the definite and firm conviction that a mistake has been made." *Id.* at 5–6, 427 S.W.3d at 611. Deference is given to the "superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing." *Id.* at 6, 427 S.W.3d at 611.

A law-enforcement officer may detain a person the officer reasonably suspects is committing, has committed, or is about to commit a felony or a misdemeanor that involves "danger of forcible injury to persons or of appropriation of or damage to property" if it "is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct." Ark. R. Crim. P. 3.1 (2019). Reasonable suspicion is "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R. Crim. P. 2.1 (2019). A detention is lawful if, considering the totality of the circumstances, the officer acted on particularized and objective reasons indicating the person may be involved in criminal activity. *Tankersley v. State*, 2015 Ark. App. 37, at 3, 453 S.W.3d 699, 701; *see also Navarette v. California*, 572 U.S. 393, 396 (2014). A detention based on an anonymous tip must provide sufficient indicia of reliability to justify the reasonable suspicion necessary to make the stop. *Evans v. State*, 2015 Ark. 50, at 6–7, 454 S.W.3d 744, 748 (citing *Navarette*, 572 U.S. at 397–99).

3

Gross argues that the circuit court erred in denying his motion to suppress because (1) the anonymous call lacked sufficient indicia of reliability to justify reasonable suspicion; and (2) the allegations in the anonymous call, even if taken as true, did not create a reasonable suspicion that a crime had occurred.

We find no error in the court's conclusion that the anonymous report provided sufficient indicia of reliability. In *Navarette*, a motorist called 911 to report that a silver Ford pickup with a license plate of "8-David-94924" ran the reporting motorist off the road and was last seen five minutes before the call. *Id.* at 395. Relying on this information, an officer pulled the truck over, smelled marijuana, searched the pickup, and found thirty pounds of marijuana. *Id.* In holding that the officer had a reasonable suspicion that a crime was being committed, the court noted that the anonymous caller claimed eyewitness knowledge and gave a specific license plate number for the vehicle, lending support to the reliability of the information. *Id.* at 399. Additionally, in *Navarette*, the court noted that the caller gave a near contemporaneous report, which the law has long treated as especially reliable. *Id.* at 399–400. Furthermore, the 911 system used by the caller has some features to trace and identify callers, which provided safeguards against the making of a false report with immunity. *Id.* at 400. Finally, noting that reasonable suspicion "depends upon the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act[,]" the Court applied a "commonsense" approach and recognized that certain behaviors are indicative of drunk driving. *Id.* at 402 (internal quotation and citation omitted). Thus, the caller's information amounted to more than a minor traffic violation and "more than a conclusory allegation of drunk or reckless driving." *Id.* at 402–03.

4

Here, while the caller did not use the 911 system, meaning that the call could not be traced, the call was recorded and the caller provided specific identifiable information about Gross's identity, vehicle, and route that police were able to confirm prior to stopping Gross. Moreover, the call was made at 8:41 a.m., and the caller said he had smelled alcohol on Gross's breath that morning, so there was a contemporaneous element to the report. And while the caller did not disclose his name, he did identify himself as Gross's coworker, and he noted that he was calling on the advice he had recently received from a Springdale police officer. According to the caller, he had recently asked Officer Mike Hendricks what he should do if he noticed that any of his coworkers were drinking and driving, and his anonymous call reporting Gross to the police was made pursuant to Officer Hendricks's advice. In *Navarette*, the Supreme Court reasoned that anonymous tips are less reliable than tips from identified sources but that a person would be less likely to make a false anonymous report if the person knew that law enforcement could use the 911 system to discern the person's identity. Here, while the caller did not use the 911 system, by disclosing that he was Gross's coworker and that he had previously had a conversation with Officer Hendricks about the issue, the anonymous caller provided law enforcement with information that would have helped police determine his identity if needed, thereby bolstering the reliability of his report. We therefore agree that the anonymous call carried enough indicia of reliability to warrant the stop.

Gross's second argument for reversal is his claim that the anonymous call, even if reliable, failed to present facts that would indicate the commission of a crime. Gross argues that the caller claimed to have smelled alcohol on Gross's breath but that it is not illegal in Arkansas to drive after drinking alcohol; it is only illegal to drive while intoxicated. Gross

5

claims that without any allegation that he was intoxicated, there was no reasonable suspicion to support the stop. We disagree.

There is no requirement that the caller use any magic words or phrases to indicate that Gross was intoxicated. Clearly, the caller had enough of a concern that Gross was driving while intoxicated that he that he (1) took the extraordinary step of making the call to police to report it, (2) noted in the call that he had previously raised concerns to the postmaster that Gross was drinking and driving, and (3) noted that he had asked Officer Hendricks what to do if a coworker was driving after drinking. Moreover, in previous cases, we have cited the odor of alcohol on a driver's breath as evidence of intoxication. *Felgate v. State*, 63 Ark. App. 76, 80, 974 S.W.2d 479, 481 (1998) (although all parties agreed that Felgate was not driving erratically before the stop, both police officers at the scene smelled alcohol on his breath). "Our rules provide that an investigatory stop may be made upon a reasonable suspicion which need not rise to the level required to establish probable cause for an arrest." *Potter v. State*, 342 Ark. 621, 626, 30 S.W.3d 701, 703 (2000). Therefore, we find no reversible error in the court's denial of Gross's motion to suppress because the anonymous caller provided sufficient information to give rise to reasonable suspicion that Gross was driving while intoxicated.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.